IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHNNY L. DORAZIO, SR.,              )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      Civil Action No. 26-273-CFC-SRF
                                     )
DAWN TINGLE, *et al.*,               )
                                     )
            Defendants.              )

## REPORT AND RECOMMENDATION

Plaintiff Johnny L. Dorazio Sr. ("Plaintiff"), an inmate at James T. Vaughn Correctional

Center ("JTVCC"), filed this action on March 13, 2026, alleging violations of his civil rights

under 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in

forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28

U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

For the reasons set forth below, I recommend that the Court allow Plaintiff to PROCEED

with his claims for Eighth Amendment excessive force, assault and battery against defendant

Dawn Tingle, and his First Amendment retaliation claims against Tingle and Sergeant Steven

Schemeley. I recommend that the Court DISMISS all other causes of action without prejudice.

## I.    BACKGROUND

The Complaint alleges that corrections officer Dawn Tingle verbally confronted Plaintiff

in an aggressive manner on July 2, 2024. (D.I. 3 at 3) Plaintiff was afraid of being struck during

the incident, and he filed a grievance against Tingle. (*Id.*) Lieutenant Melvin Harris III then

made an allegedly false disciplinary report against Plaintiff, alleging that Plaintiff had been

---

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that
the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487
U.S. 42, 48 (1988).

aggressive towards Tingle. (*Id.* at 3-4) Tingle remained on Plaintiff's tier and continued to supervise him. (*Id.* at 4)

On July 14, 2024, Tingle assaulted Plaintiff in his cell, grabbing his throat and smacking him, causing his face to swell. (*Id.* at 5-7) Sergeant Steven Schemeley, who was on the tier at the time, denied witnessing a verbal altercation outside Plaintiff's cell before the assault and initially denied Plaintiff's request for medical and mental health treatment following the assault. (*Id* at 6-7) Plaintiff received medical treatment more than an hour after the assault and ultimately received a mental health consultation. (*Id.* at 8) Plaintiff filed a series of grievances about the events on July 14, 2024. (*Id.* at 8-9)

On July 15, 2024, Plaintiff met with Harris, who questioned the credibility of Plaintiff's allegations and declined to interview the witnesses identified by Plaintiff. (*Id.* at 8-9) Harris's supervisor, Captain Bruce Burton, also reviewed Plaintiff's grievances and acknowledged that video footage showed Tingle enter Plaintiff's cell. (*Id.* at 10) However, Burton did not interview Plaintiff's witnesses. (*Id.*)

Plaintiff did not prevail on any of his grievances or appeals. (*Id.* at 11) On August 7, 2024, Plaintiff filed another grievance that challenged a disciplinary report charging Plaintiff with disrespect, failure to obey an order, and "off limits" regarding his actions on the date of Tingle's alleged assault. (*Id.* at 11) By late August of 2024, it was widely known that Plaintiff had filed grievances and pursued legal action regarding the alleged assault. (*Id.* at 14)

On August 24, 2024, Schemeley conducted a search of Plaintiff's cell and performed a strip search of Plaintiff and his cell mate. (*Id.* at 14-17) The strip search did not yield anything, but Plaintiff alleges that Schemeley confiscated documents regarding Plaintiff's grievances, appeals, and his collection of evidence and authority to support this Section 1983 action. (*Id.* at

2

15-16) Plaintiff's legal paperwork was ultimately returned. (*Id.* at 17) However, Plaintiff was written up for items found in his cell during the shakedown that did not belong to him. (*Id.* at 16) Plaintiff was found not guilty of the disciplinary charges after his cellmate testified as a witness at his disciplinary hearing and took responsibility for the alleged contraband. (*Id.* at 16-17) Nonetheless, Plaintiff was moved to an area without air conditioning or a microwave, and he was subjected to excessive cell shakedowns, prompting him to file another grievance. (*Id.* at 18)

Plaintiff alleges violations of his constitutional rights under the First, Eighth and Fourteenth Amendments against defendants Tingle, Harris, Schemeley, Burton, Major Dotson, and Warden Brian Emig (collectively, "Defendants"). (*Id.* at 2-3) Plaintiff sues all Defendants in their individual and official capacities, seeking monetary damages and various forms of injunctive relief. (*Id.* at 27-28)

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

3

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that

4

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Eleventh Amendment Immunity

Plaintiff sues all Defendants in their individual and official capacities, seeking monetary damages and various forms of injunctive relief. (D.I. 3 at 27-28) The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, Section 1983 claims for monetary damages against a state official in his

5

official capacity are barred by the Eleventh Amendment. *See id.* I recommend that the Court DISMISS WITH PREJUDICE Plaintiff's claims seeking monetary damages from Defendants in their official capacities pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

**B.    *Respondeat Superior* / Personal Involvement**

In causes of action titled "Cover-Up," "Supervisor Liability," and "Due Process," the complaint generally alleges that Major Dotson and Warden Brian Emig had first-hand knowledge of the events that occurred in July and August of 2024 and failed to take any remedial action despite overseeing the operations of the prison. (D.I. 3 at 21-22, 24-25, 27) The claims against Dotson and Emig appear to be based on their supervisory positions. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg,* 833 F.3d 313, 330 (3d Cir. 2016).

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (liability in a § 1983 action must be based on personal involvement, not *respondeat superior*). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). The Complaint does not allege Dotson and Emig's personal involvement in the incidents that occurred in July and August of 2024 and contains only conclusory allegations that they had notice of those incidents. (D.I. 3 at 20-21, 24-25, 27) I recommend that Plaintiff's claims against Dotson and Emig be DISMISSED without prejudice.

6

## C. Eighth Amendment Excessive Force / Failure to Protect

Plaintiff alleges that Tingle used excessive force in violation of the Eighth Amendment and committed assault and battery under Delaware law. (D.I. 3 at 19, 25)  Although Plaintiff contends that Tingle's verbal intimidation on July 2, 2024 amounts to cruel and unusual punishment, (*id.* at 25), verbal threats alone are insufficient to violate the Eighth Amendment, *see Stokes v. Pa. Dep't of Correction*, C.A. No. 21-145-CFC, 2021 WL 3269463, at *2 (D. Del. July 30, 2021) (citing *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner... does not violate the Eighth Amendment.")). However, the pleaded allegations regarding Tingle's physical assault on July 14, 2024 appear to state a cognizable excessive force claim and claim for assault and battery under Delaware state law. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see also Robinson v. Phelps*, 946 F. Supp. 2d 354, 362 (D. Del. 2013) (permitting excessive force claim to proceed where the plaintiff alleged the defendants physically assaulted him).

Plaintiff also alleges that Schemeley is liable under the Eighth Amendment for purportedly conspiring with Tingle to commit the assault by acting as Tingle's lookout and alibi. (D.I. 3 at 26)  The Court construes this averment as a failure to protect claim under the Eighth Amendment, which requires a showing that: (1) the plaintiff is incarcerated under conditions posing a substantial risk of serious harm; and (2) a prison official acted with deliberate indifference to a known risk to inmate health or safety. *See Curtis v. Pierce*, C.A. No. 18-1499-CFC, 2019 WL 2103678, at *3-4 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A correctional officer's failure to intervene when a prisoner is being physically assaulted by another prison official can be the basis of liability for an Eighth Amendment violation if the corrections officer had a reasonable opportunity to intervene and simply refused to do so."

7

*Millbrook v. United States*, 714 F. App'x 109, 114 (3d Cir. 2017) (internal citations and quotation marks omitted).  However, the Complaint does not allege that Schemeley knew of Plaintiff's encounter with Tingle on July 2, 2024, and Plaintiff concedes that Schemeley could not see what transpired after Tingle entered Plaintiff's cell on July 14, 2024.  (D.I. 3 at 6)  Therefore, the Complaint fails to state a cognizable Eighth Amendment failure to protect claim[2] against Schemeley.

To the extent that Plaintiff contends Schemeley's shakedown of his cell amounted to cruel and unusual punishment, Plaintiff fails to state a claim for violations of his Eighth Amendment rights against Schemeley.  (D.I. 3 at 26.); *see Dickens v. Taylor*, 464 F. Supp. 2d 341, 348-49 (D. Del. 2006) (holding that a defendant's shakedown of the plaintiff's cell did not amount to excessive force or a failure to protect under the Eighth Amendment).  The Complaint also references Schemeley's confiscation of Plaintiff's legal documents in the cause of action for Eighth Amendment violations.  (D.I. 3 at 26)  The Court addresses these allegations at § III.D, *infra*.

For the foregoing reasons, the Court recommends that Plaintiff's claim for violations of his Eighth Amendment rights against Schemeley be DISMISSED, and that Plaintiff's excessive force, assault, and battery claims against Tingle should PROCEED.

---

[2] To the extent Plaintiff intends to assert a claim against Schemeley for conspiracy to violate the Eighth Amendment, the claim also fails.  To state a claim for conspiracy under Section 1983, a plaintiff must plead that "persons acting under color of state law conspired to deprive him of a federally protected right." *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 93 (3d Cir. 2011). "[T]he linchpin for conspiracy is agreement." *Id.* (quotations and citations omitted).  The complaint lacks factual allegations showing that Schemeley and Tingle had an agreement to deprive Plaintiff of his federal rights. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

### D. First Amendment Retaliation / Access to the Courts[3]

Plaintiff further alleges that Tingle, Schemeley, Harris and Burton retaliated against him for filing grievances against them. (D.I. 3 at 19-20) A prisoner alleging retaliation must show (1) a constitutionally protected conduct, (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006).

The Complaint alleges that Tingle took adverse action against Plaintiff in retaliation for his grievance by physically assaulting him and filing a false disciplinary report against him. (D.I. 3 at 19) These actions are sufficiently adverse "to deter a person of ordinary firmness from exercising his First Amendment rights." *See Rieco v. Moran*, 633 F. App'x 76, 79 (3d Cir. 2015) ("A claim of a false misconduct report violates an inmate's First Amendment guarantee of access to the courts where it is in retaliation for an inmate's resort to legal process."); *Kelly v. Lanigan*, 2015 WL 5164871, at *7 (D.N.J. Sept. 2, 2015) (holding that physical assault in retaliation for filing grievances satisfied the adverse action requirement). These adverse actions allegedly occurred within less than two weeks of Plaintiff's grievance regarding the July 2, 2024 incident, supporting a causal connection between the adverse actions and Plaintiff's protected conduct.

---

[3] The Complaint includes a cause of action for "Cover-Up," which largely tracks the allegations in Plaintiff's claim for retaliation against Tingle (who filed a disciplinary report against Plaintiff), Schemeley (who performed a cell search and confiscated Plaintiff's legal materials), and Harris (who did not transfer Tingle or Schemeley). (D.I. 3 at 20-21) The Court considers the allegations made in the causes of action for "Retaliation" and "Cover-Up" as a single count.

The Court recommends allowing Plaintiff's First Amendment retaliation claim to PROCEED against Tingle.

The Complaint alleges that Schemeley took adverse action against Plaintiff by repeatedly shaking down Plaintiff's cell and confiscating Plaintiff's legal documents.  (D.I. 3 at 19)  At this stage, allegations of a retaliatory cell search and confiscation of Plaintiff's legal materials are sufficient to plausibly allege an adverse action.  *Humphrey v. Sec. Pa. Dep't of Corrections*, 712 F. App'x 122, 124-25 (3d Cir. 2017); *see also Obiegbu v. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014) (holding that the confiscation of a plaintiff's legal material is sufficient to state an adverse action).  The pleaded factual allegations support an unusually suggestive temporal proximity between Plaintiff's grievances filed in July and August of 2024 and Schemeley's shakedown of Plaintiff's cell and confiscation of his legal materials on August 24, 2024.  The Court recommends allowing Plaintiff's First Amendment retaliation claim to PROCEED against Schemeley.

The Complaint further alleges that Harris and Burton took adverse action against Plaintiff by continuing to allow Schemeley and Tingle to supervise Plaintiff and by moving Plaintiff to an area without air conditioning or a microwave.  (D.I. 3 at 20)  Plaintiff does not plausibly allege that maintaining the status quo by keeping Schemeley and Tingle in their positions on Plaintiff's tier amounts to a retaliatory adverse action.  The Complaint also fails to demonstrate that Plaintiff "was subjected to conditions that constituted an adverse action or that amounted to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life'" when he no longer had access to air conditioning or a microwave.  *Houser v. Evans*, C.A. No. 20-269-CFC, 2021 WL 2936131, at *3 (D. Del. July 13, 2021) (quoting *Verbanik v. Harlow*, 512 F.

10

App'x 120, 122-23 (3d Cir. 2013)).  The Court recommends that Plaintiff's First Amendment retaliation claim against Harris and Burton be DISMISSED without prejudice.

To the extent that Plaintiff claims Schemeley violated his First Amendment right to access to the courts,[4] the Complaint fails to state a plausible claim.  "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Obiegbu v. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014).  Here, Plaintiff alleges that the seizure of his materials delayed the filing of this civil action, but he acknowledges the materials were ultimately returned.  (D.I. 3 at 27)  Plaintiff therefore fails to satisfy the actual injury requirement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The Court recommends that Plaintiff's access to the courts claim against Schemeley be DISMISSED without prejudice.

### E. Grievance and Investigation

In causes of action titled "Supervisor Liability" and "Due Process," the complaint alleges that Harris and Burton failed to adequately investigate and process Plaintiff's grievances regarding Tingle's conduct.  (D.I. 3 at 23-24, 26-27)  To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure, an inadequate investigation or denial of his grievances, the claims fail because Plaintiff "has no freestanding claim based on the denial of his grievances." *Hayes v. Gilmore*, 802 F. App'x 84, 87-88 (3d Cir. 2020) (citations omitted).  Therefore, the Court recommends dismissal of all grievance claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

The complaint also contains a cause of action titled "Corruption," which makes generalized allegations of improper conduct and moral degeneration against all Defendants,

---

[4] The complaint refers to the alleged denial of Plaintiff's access to the courts due to the confiscation of his legal materials in a count titled "Due Process." (D.I. 3 at 26)

referencing years of abuses not clearly related to the events that occurred between July 2, 2024 and August 24, 2024.  (D.I. 3 at 22)  The Court recommends dismissal of Plaintiff's corruption claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the Court issue an Order in the form set forth below.  In the event that the Report and Recommendation is adopted, the undersigned judicial officer will then issue a Service Order.

### ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on July __, 2026 is **ADOPTED**.

2.    Plaintiff has alleged what appears to be a cognizable Eighth Amendment excessive force claim against Defendant Dawn Tingle in her individual capacity.  Plaintiff may proceed with this claim and his assault and battery claim.

3.    Plaintiff has alleged what appears to be cognizable First Amendment retaliation claims against Defendants Dawn Tingle and Steven Schemeley in their individual capacities. Plaintiff may proceed with these claims.

4.    Plaintiff's claims seeking monetary damages from Defendants in their official capacities are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

5.    All other causes of action are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall

12

be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 27, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE